

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 11, 1949.

Hon. M. E. Gates
County Attorney
Walker County
Huntsville, Texas

Opinion No. V-770

Re: The authority of the Coun-
ty Attorney or the County
Clerk to take affidavits
giving information that a
person is of unsound mind.

Dear Sir:

Reference is made to your recent request which
reads in part as follows:

"I wish you would advise me whether
or not, under the provisions of Article
5561-A, the County Attorney and the Coun-
ty Clerk have the authority to take the
affidavit of the affiant or informant, to
an information charging that a person is
of unsound mind."

Section 1, Article 5561a provides in part as
follows:

"Section 1. If information in writ-
ing under oath be given to any county judge
that any person in his county, not charged
with a criminal offense, is a person of un-
sound mind, and that the welfare of either
such person or any other person or persons
requires that he be placed under restraint,
and such county judge shall believe such
information to be true, he shall forthwith
issue a warrant for the apprehension of
such person, or, if such like information
be given to any justice of the peace in
such county, said justice may issue a war-
rant for the apprehension of said person,
making said complaint and warrant return-
able to the county court of said county,

and said county judge in either event shall
fix a time and place for the hearing and
determination of the matter, either in term
time or in vacation, which place shall be
either at the court house of the county, or
at the residence of the person named, or at
any other place in the county, as the coun-
ty judge may deem best for such hearing. .
. .

The pertinent provisions of Article 26, V. C.
S., are as follows:

"1.  All oaths, affidavits, or affirma-
tions made within this State may be adminis-
tered and a certificate of the fact given by:

"a.  A judge, clerk, or commissioner of
any court of record;

"b.  A notary public;

"c.  A justice of the peace; . . ."

Therefore under the provisions of the preced-
ing Articles we think it is clear that the County Clerk
may administer the oath referred to under Article 5561a,
supra.

It will be noted that the County Attorney is
not included in Article 26, supra.  Neither are we able
to find any statute which authorizes the County Attor-
ney to administer such an oath.

Article 30 V. C. C. P. provides that "for the
purpose mentioned in the two preceding Articles, dis-
trict and county attorneys are authorized to administer
oaths."  The "two preceding Articles" referred to have
to do with the issuance of a complaint where an offense
has been committed or alleged; they include misdemeanors
and felonies.  Similarly Article 221 V. C. C. P. pro-
vides that "the affidavit made before the . . . district
or county attorney is called a complaint if it charges
the commission of an offense."  The oaths referred to in
Articles 30 and 221 relate to criminal cases only.  It
is stated in 24 Tex. Jur. 388 that:

"The procedure for adjudging one not charged with crime to be a person of unsound mind and providing for his restraint is solely through the County Courts. And although the state is a party to such an inquiry, the character of the proceeding is essentially civil."

In view of the foregoing it is our opinion that the County Attorney may not administer such an oath in his official capacity. However, it was held in A. G. Opinion No. 0-4228 that:

"You are further advised that the county attorney and the city attorney are not prohibited by law from holding the office of notary public while holding their offices of county attorney and city attorney."

Therefore if the County Attorney has qualified as a Notary Public, it is our opinion that he may administer such an oath under the provisions of Article 26, V. C. S., as a Notary Public.

## SUMMARY

The County Clerk may administer the oath of one charging that a person is of unsound mind. Art. 26, V.C.S. The County Attorney may not administer such an oath in his official capacity. However, if he has qualified as a Notary Public, he may administer such oath. Art. 26, V. C.S.; A. G. Opinion No. 0-4228.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL

By *Bruce Allen*

Bruce Allen
Assistant

BA:bh